HOOD, Judge.
This action was instituted by Mr. and Mrs. Lawrence Williams in the Ninth Judicial District Court, sitting as a juvenile court iñ and for Rapides Parish. They demand primarily that an earlier order of the juvenile court committing their IS year old son, James Williams, to the State Industrial School for Colored Youth be set aside and that the child be released from detention. Alternatively, they demand that the child be transferred to an institution which is equipped for the treatment of mental defects.
The suit was filed on February 6, 1969. On that day plaintiffs’ petition was presented to the trial judge with the request that he sign an order setting the matter for hearing at a time to be fixed by the court. The trial judge refused to sign such an order, and instead, he wrote at the end of the petition: “Feb. 6, 1969 — Order refused.” He affixed his signature under that decree. Plaintiffs construe this order as the summary dismissal of their suit without a hearing, and they have appealed.
The transcript of appeal was lodged in this court on March 6, 1969. The next day, March 7, plaintiffs applied to us for writs of certiorari, prohibition and man *59 damus, setting out substantially the same facts as were alleged in their original petition, and alleging also that the continued incarceration of the child pending the disposition of the appeal would result in irreparable injury. In this application plaintiffs pray only that a writ of certiorari be granted, and that after due proceedings “peremptory writs of mandamus issue herein commanding the said judge to grant petitioners an immediate hearing on the merits of petitioners’ suit.” We granted a writ of certiorari, as prayed for by plaintiffs, and we promptly scheduled the matter for argument on both the appeal and on the writ.
Shortly after the writ was granted, and before the case was scheduled for argument, the respondent judge filed an answer to the writ of certiorari. In due course the matter was argued on the writ and on appeal. Arguments were presented only in behalf of plaintiffs, however, since no one else had been cited or made a party to the suit. The principal issue presented on both the appeal and on the writ is whether the case should be remanded to the trial court for a hearing.
In his answer to the writ of certiorari, the respondent judge set out the following pertinent facts: James Williams had been committed to the State Industrial School for Colored Youth by the late Honorable Walter M. Hunter, Judge of the Ninth Judicial District Court. The instant suit was filed more than a year later. Judge Hunter was seriously ill when this suit was filed, however, and for that reason plaintiffs’ petition was presented to the respondent judge, with a request that he schedule the matter for a hearing. The respondent refused to sign the order which had been demanded because he did not feel that he had the authority to act as an appeal judge for cases of Judge Hunter. The respondent thereupon wrote on the petition the statement “Order Refused,” and he affixed his signature thereto. Judge Hunter died shortly after this last mentioned order was signed, and since that time another judge has been appointed to succeed him.
The respondent judge makes it clear in his answer that he did not consider the merits of plaintiffs’ petition, but that he refused to sign the order fixing the case for hearing solely because he felt that he had no authority to do so. He contends that the petition seeking to change the custody of this child should have been submitted only to the judge who made the commitment, or to his successor. And, he argues that if he is held to be responsible for a commitment made by another judge of that district it would create chaos in districts which are composed of more than one judge. The respondent submits that “if the Court of Appeal wishes to consider the merits of the petition * * * this matter should be remanded in order that the relator can present his petition to the proper judge.”
The transcript of appeal in the instant suit consists solely of plaintiffs’ petition, the judgment or order of the trial court decreeing “Order refused,” and an order of the trial court granting plaintiffs a devolu-tive appeal. Plaintiffs allege in their petition that on November 20, 1967, Judge Hunter found James Williams delinquent, and sentenced him to the State Industrial School for Colored Youth for an indefinite period. They do not allege, and there is nothing in the record or in the application for writs which shows, the grounds upon which the commitment was made, or whether a formal hearing was held prior to that commitment. Plaintiffs do allege, among other grounds for the relief sought, that their son has been deprived of the rights of “due process of law,” as guaranteed to him by the fifth and fourteenth amendments of the United States Constitution, and by Article 1, Section 2, of the Louisiana Constitution, in that:
“(7) James Williams was denied adequate and proper notice of the charges against him;
“(8) James Williams was denied the opportunity to be confronted with all adverse witnesses and evidence and he was denied the right of cross-examination.”
*60 In Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the United States Supreme Court held that where an adjudication of delinquency is made by a juvenile court, the hearing which resulted in such an adjudication “must measure up to the essentials of due process and fair treatment.” The court reversed the adjudication of delinquency which had been made by an Arizona Juvenile Court on several grounds, one of which was that inadequate notice of the hearing and of the alleged misconduct of the child had been given to the parents. Another ground assigned by the court for reversing the adjudication of delinquency was that “Absent a valid confession adequate to support the determination of the juvenile court, confrontation and sworn testimony by witnesses available for cross examination were essential for a finding of delinquency.”
We are unable to distinguish the instant suit from Gault. We are aware of the criticism which has been directed toward the Gault decision, and of some of the problems which it has presented. Regardless of what our views otherwise may have been as to the issues presentéd there, however, the decision in the Gault case has become final and we are bound by it.
In this suit plaintiffs allege, among other things, that their child was denied adequate and proper notice of the charges against him, and that he was denied the opportunity of cross examining adverse witnesses. Under the Gault decision, and considering those allegations alone, the petition filed by plaintiffs must be held to state a cause of action. We conclude, therefore, that plaintiffs are entitled to a hearing in this case, and it accordingly must be remanded for that purpose.
Plaintiffs allege a number of grounds as the basis for their original demands that the adjudication of delinquency be set aside or that the order of custody be modified. We have considered only two of the grounds alleged, and we have concluded that plaintiffs are entitled to a hearing at least on those grounds. Since the case must be remanded for a hearing at least on some of the grounds alleged, we felt that it should be remanded for proper disposition of all issues presented and that it was unnecessary for us to consider the merits of all other allegations in the petition. We make it clear, therefore, that we have not considered any of the grounds alleged for the relief sought by plaintiffs other than the two grounds hereinabove specifically mentioned, and we express no opinion as to the validity or merits of any other alleged ground.
The respondent judge contends that in the event the case is remanded, it should be returned to the trial court “in order that the relator can present his petition to the proper judge.” We agree with respondent that when a judge commits a juvenile to an institution, then ordinarily subsequent proceedings in that matter are handled by the same judge. We are not aware of any law or line of jurisprudence which requires that that be done, however, and we believe that questions relating to the assignment of cases to various divisions of the court should be controlled by internal court rules or policies adopted by the judges of that court.
In the instant suit, therefore, we are reluctant to decree that plaintiffs may seek relief from only one particular judge of the court. We prefer to remand the case to the Ninth Judicial District Court, sitting as a juvenile court in and for Rapides Parish. The particular division of the court before whom the hearing is to be held thereupon may be determined by court rules or by policies to be determined by the judges themselves.
The judgment appealed from technically may not be a final and appealable judgment. No issue to that effect has been raised by the parties, however, and we have decided to treat it as a final judgment dismissing the suit. The result will be the same in any event, since the matter is properly before *61 us on a writ of certiorari, even though the appeal should be dismissed.
Plaintiffs argue strongly that the continued incarceration of the child is detrimental to him, and for that reason they urge that an immediate hearing on the merits be held. We agree that plaintiffs are entitled to a speedy hearing. •
For the reasons herein set out, the case is remanded to the Ninth Judicial District Court, sitting as a juvenile court in and for Rapides Parish, for a speedy hearing and for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to plaintiffs-appellants.
Remanded.